1
2
3
4
5                    UNITED STATES DISTRICT COURT
6                   NORTHERN DISTRICT OF CALIFORNIA
7
8    JASON PAGE,                         No. C 09-289 MHP (pr)
9             Plaintiff,                 **ORDER OF DISMISSAL WITH**
                                         **LEAVE TO AMEND**
10        v.
11   R. HOREL; et al.,
12            Defendants.
13   _____/
14                        **INTRODUCTION**
15        Jason Page, formerly an inmate at Pelican Bay State Prison, filed a pro se civil action
16   in the Del Norte County Superior Court concerning conditions at that prison.  Defendant
17   Horel removed the action to federal court because it presented a federal question based on the
18   constitutional claims asserted by plaintiff.  The action is now before the court for initial
19   review of the complaint pursuant to 28 U.S.C. §1915A and for consideration of
20   miscellaneous motions.
21                         **BACKGROUND**
22        This is the third of three actions Jason Page filed in Del Norte County Superior Court
23   that were removed to federal court.  All three cases concern two inmate attacks on Page (on
24   May 17, 2007 and on December 2, 2007).  In Page v. Willis, No. C 08-5610 MHP, Page
25   alleged that sergeant Willis set him up to be attacked on May 17, 2007.  In Page v. Acosta,
26   No. C 08-5707 MHP, Page alleged that sergeant Acosta put him in danger by releasing
27   certain information about the incident report written for the May 17 attack, and the release of
28   that information led to him being attacked on December 2, 2007.

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1   In the present action, Page alleges that the Pelican Bay warden and "chain of

2   command" failed to exercise due care and caused him to be subjected to the attacks.

3   Complaint, p. 5.  He also alleges that the "chain of command are responsible for their actions

4   under the color of law as supervisory agents of the department (CDCR)."  Id. At 7.  The

5   "chain of command" consists of sixteen prison employees listed as defendants.

6   **DISCUSSION**

7   A.   <u>Review Of Complaint</u>

8   A federal court must engage in a preliminary screening of any case in which a

9   prisoner seeks redress from a governmental entity or officer or employee of a governmental

10   entity.  <u>See</u> 28 U.S.C. §1915A(a).  The court must identify any cognizable claims, and

11   dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may

12   be granted, or seek monetary relief from a defendant who is immune from such relief.  <u>See</u>

13   28 U.S.C. §1915A(b)(1),(2).

14   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that

15   a right secured by the Constitution or laws of the United States was violated, and (2) that the

16   violation was committed by a person acting under the color of state law.  <u>See</u> <u>West v. Atkins</u>,

17   487 U.S. 42, 48 (1988).

18   The Eighth Amendment's prohibition of cruel and unusual punishment requires that

19   prison officials take reasonable measures for the safety of inmates.  <u>See</u> <u>Farmer v. Brennan</u>,

20   511 U.S. 825, 834 (1994).  In particular, officials have a duty to protect inmates from

21   violence at the hands of other inmates.  <u>See</u> <u>id.</u> at 833.  A prison official violates the Eighth

22   Amendment only when two requirements are met:  (1) the deprivation alleged is, objectively,

23   sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the

24   inmate's safety.  <u>See</u> <u>id.</u> at 834.  To be liable in a failure to prevent harm situation, the official

25   must know of and disregard an excessive risk to inmate safety.  <u>See</u> <u>id.</u> at 837.

26   Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

27   the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

28   statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds

1   upon which it rests.'"" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

2   Although in order to state a claim a complaint "does not need detailed factual allegations, . . .

3   a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more

4   than labels and conclusions, and a formulaic recitation of the elements of a cause of action

5   will do. . . .   Factual allegations must be enough to raise a right to relief above the

6   speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations

7   omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible

8   on its face." Id. at 570.

9        To the extent the complaint is attempting to assert claims for relief that duplicate

10   claims in the two earlier-filed actions, those claims must be dismissed.  It may be that

11   plaintiff has included these allegations only to provide the background to make his claims

12   understandable (which is permissible), but it also may be that he believes he can pursue an

13   identical claim in two different actions (which is not permissible).  To the extent complaint

14   alleges as a claim for relief that sergeant Willis set him up to be attacked on May 17, 2007,

15   and to the extent the complaint alleges as a claim for relief that sergeant Acosta put him in

16   danger by releasing information about the incident report written for the May 17, 2007

17   attack, the claims are dismissed as duplicative of claims in Case No. C 08-5610 MHP and

18   No. C 08-5707 MHP.  See Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995);

19   Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (duplicative or repetitious litigation

20   of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as

21   malicious).

22        With those duplicative claims set aside, the complaint fails to state a claim upon

23   which relief may be granted against any of the defendants.   The complaint appears to be

24   based almost exclusively on an impermissible respondeat superior theory rather than based

25   on any individual defendant's particular actions.  "In a § 1983 or a Bivens action – where

26   masters do not answer for the torts of their servants – the term 'supervisory liability' is a

27   misnomer.  Absent vicarious liability, each Government official, his or her title

28   notwithstanding, is only liable for his or her own misconduct." Ashcroft v. Iqbal, 129 S. Ct.

United States District Court
For the Northern District of California

3

**United States District Court**
For the Northern District of California

1937, 1949 (2009) (finding under <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), and Rule 8 of the Federal Rules of Civil Procedure, that complainant-detainee in a <u>Bivens</u> action failed to plead sufficient facts "plausibly showing" that top federal officials "purposely adopted a policy of classifying post-September-11 detainees as 'of high interest' because of their race, religion, or national origin" over more likely and non-discriminatory explanations).  A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted).  A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).

The complaint fails to identify what any defendant did that caused a violation of plaintiff's constitutional rights.  In his amended complaint, plaintiff should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights.  Further, it is not sufficient to identify a group defendant, as plaintiff has done by naming the "chain of command" – instead, he must name each individual in that chain of command who he proposes to hold liable and describe what that particular person did or failed to do.

B.   <u>Miscellaneous Motions</u>

Plaintiff filed a motion for appointment of counsel.  A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances.  <u>See</u> <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims <u>pro</u> <u>se</u> in light of the complexity of the legal issues involved.  <u>See</u> <u>id.</u>  Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1).  At this stage, the court is unable to see that appointment of counsel is necessary in this case.  Accordingly, the motion

4

1  for appointment of counsel is DENIED.  (Docket # 8.)

2      Plaintiff filed motions to appear at a summary judgment hearing, to proceed to a pre-

3  trial conference and for his production to testify pro se.  The motions are DENIED.  (Docket

4  # 9, 10, and 11.)  In prisoner cases, the matters are decided on the papers and oral hearings

5  are not held unless specifically ordered by the court.  Of course, if a trial is necessary, the

6  prisoner will be brought to the courthouse, but a trial is not imminent in this case.  Because

7  the court decides motions by reading the parties' motions, oppositions and written evidence

8  in support thereof, it is especially important that a plaintiff-prisoner take great care in

9  preparing his filings so that his arguments and factual presentation are as clear as possible.

10                          **CONCLUSION**

11      Defendants' motion for the court to screen the complaint is GRANTED.  (Docket # 2.)

12  This order is the screening order.  Plaintiff's motions for appointment of counsel, to appear at

13  a summary judgment hearing, to proceed to a pre-trial conference and for his production to

14  testify are DENIED.  (Docket #s 8-11.)

15      The complaint is DISMISSED with leave to amend.  The amended complaint must be

16  filed no later than **October 16, 2009**, and must include the caption and civil case number

17  used in this order and the words AMENDED COMPLAINT on the first page.  Plaintiff is

18  cautioned that his amended complaint must be a complete statement of his claims and will

19  supersede existing pleadings.  See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th

20  Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are

21  not alleged in the amended complaint.")  Failure to file the amended complaint by the

22  deadline will result in dismissal of this action.

23      IT IS SO ORDERED.

24  Dated: September 9, 2009          _____

25                          Marilyn Hall Patel
                          United States District Judge

United States District Court
For the Northern District of California

5