UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JASON PAGE,                                   No. C 09-289 MHP (pr)

         Plaintiff,                             **ORDER OF SERVICE**

     v.

R. HOREL; et al.,

         Defendants.
                                         /

## INTRODUCTION

Jason Page, formerly an inmate at Pelican Bay State Prison and now at Corcoran State Prison, filed a pro se civil action in the Del Norte County Superior Court concerning conditions at that prison. Defendant Horel removed the action to federal court because it presented a federal question based on the constitutional claims asserted by plaintiff. The court reviewed the complaint and dismissed it with leave to amend. Page then filed an amended complaint, which is now before the court for screening pursuant to 28 U.S.C. § 1915A.

## BACKGROUND

In his amended complaint, Page alleges that he was attacked by inmate Johnson on November 13, 2008 as a result of defendants' deliberate indifference to a risk of danger. On that date, Page was housed in the Pelican Bay Special Needs Yard ("SNY") or the Transitional Program Unit ("TPU") after having been attacked on two prior occasions by inmates. The TPU is a housing unit for inmates transitioning from administrative segregation to the SNY. (Because the amended complaint refers to it as the SNY, the area will be

1  referred to throughout this order as the SNY).  Also on that date, inmate Johnson allegedly
2  was a "gang member" housed in the general population.  Amended Complaint, p. 2.
3  The amended complaint further alleges that inmate Johnson "penatrated (sic) security access
4  and breached the SNY yard area, attacking the plaintiff and battering him."  Amended
5  Complaint, p. 2.  According to exhibits attached to the amended complaint, inmate Johnson
6  ran out of the dining hall area and into the SNY yard, where he attacked Page, punching him
7  several times.  See Amended Complaint, Exs. B and C.  Inmate Johnson also hit another
8  inmate in the SNY yard.   Correctional officers stopped the attack with verbal commands and
9  handcuffed the inmates.

10  The attack was caught on videotape.  "From the time the video shows inmate Johnson
11  advancing toward [Page] and [they both were] complying with verbal orders is about 35
12  seconds."  Amended Complaint, Ex. C at First Level Appeal Response.

13  Page's exhibits include a declaration from R. DeLyle.  DeLyle declared that, two
14  weeks before the attack on Page, DeLyle pointed out to a correctional officer that he
15  (DeLyle) could not enter his block until the door into the TPU was closed.  According to
16  DeLyle, his comment enraged inmate Johnson, who complained that DeLyle's actions
17  prevented him (Johnson) from accessing the TPU, where he wanted to attack TPU inmates.
18  Amended Complaint, Ex. B (Docket # 17, p. 37 of 76).

19  Inmate Johnson apparently did not have a weapon and allegedly inflicted the injuries
20  with his hands and feet.  Page described his injuries in his inmate appeal:  "Dr. Williams
21  checked my ear drum to see if it was broken.  I had a big lump under my sideburn from the
22  attackers (sic) blow, and my temple hurt.  Also my left elbow was hyper-extended.  My neck
23  hurt and my elbow still hurts as of 11/30/08."  Amended Complaint, Ex. C, 4th page;
24  cf. Amended Complaint Ex. B (report of injury for Page listing only injury as a reddened
25  area on his upper front torso, for which he was checked and returned to custody).

26  Plaintiff alleges that defendants are liable because they did not take steps to prevent

2

or stop the attack. The particular allegations against each defendant will be discussed in the next section.

## DISCUSSION

A.   <u>Review Of Amended Complaint</u>

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. <u>See</u> 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety of inmates. <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994). In particular, officials have a duty to protect inmates from violence at the hands of other inmates. <u>See</u> <u>id.</u> at 833. A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. <u>See</u> <u>id.</u> at 834. To be liable in a failure to prevent harm situation, the official must know of and disregard an excessive risk to inmate safety. <u>See</u> <u>id.</u> at 837.

Liberally construed, the amended complaint states a claim for deliberate indifference to a risk to Page's safety. The amended complaint is not clear as to whether Page is asserting that there was a risk to him specifically or that all inmates in the SNY were at risk if inmate Johnson gained access to the SNY. Giving the <u>pro se</u> pleading the liberal construction to

3

which it is entitled, it appears to state a cognizable claim under either scenario.

The more difficult question here is determining which defendants Page has adequately linked to his claim. In reviewing the amended complaint, the court bears in mind that a pro se pleading, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and that pro se filings must be construed liberally, especially where the plaintiff is a pro se prisoner in a civil rights matter. See Hebbe v. Pliler, 611 F.3d 1202, 1205 (9th Cir. 2010). Allegations in a pro se complaint sufficient to raise an inference that the named prison officials acted with deliberate indifference – i.e, that they knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it – states a "failure-to-protect" claim. Hearns v. Terhune, 413 F.3d 1036, 1041-42 (9th Cir. 2005). The alleged acts and omissions of each defendant are now considered.

Warden Jacquez allegedly (1) participated in the decision to place Page in the SNY yard, (2) failed to make regular visits to the SNY area, and (3) knew that staff "was in direct violation of SNY protocol by not standing guard on SNY yard" and failed to act to prevent the risk of harm to plaintiff. Amended Complaint, p. 5. Even with liberal construction, the first alleged action (i.e., taking part in the decision to place Page in the SNY) does not amount to deliberate indifference. The second alleged action does not alone show deliberate indifference, but may inform the analysis of the third alleged action. Liberally construed, the second and third allegations are sufficient to link this defendant to the claimed Eighth Amendment violation. See Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation).

Captain McGuyer allegedly (1) failed to make regular visits to the SNY as required by

4

the operations manual and "sat in his office during SNY active yard program," and (2) failed to supervise security access procedures. Amended Complaint, p. 5. Liberally construed, the allegations are sufficient to link this defendant to the claimed Eighth Amendment violation. See Redman, 942 F.2d at 1446.

Lieutenant K. Osborne, the SNY yard supervisor, allegedly (1) "sat in his office during SNY operations/programs," although he was required by an operations manual to make appearances on the facility, id. at 6, (2) "failed to advise/supervise A-2 Dining Hall" during SNY Yard, and (3) was "slacking his duty as supervisor senior [and] allowed his subordinates to run wild and not follow protocol and stand [guard] on SNY yard." Id. Liberally construed, the allegations are sufficient to link this defendant to the claimed Eighth Amendment violation. See Redman, 942 F.2d at 1446.

Correctional officer ("C/O") T. Ramsey allegedly (1) let inmate Johnson, an active gang member, go through the door and run into the SNY yard, although the protocol is to "lock down all G.P. active inmates (gang members) before opening security doors," id. at 6; (2) failed to press his alarm and remained out of sight during Johnson's attack; and (3) "failed to rescue [Page] from attack, not once, but twice, and refused to subdue [Page's] attacker because he was so big and scary." Id. Giving the allegations the liberal construction to which they are entitled, a cognizable claim is stated against this defendant.

C/O Preston, a SNY floor staff officer, allegedly (1) failed to stand guard on the SNY yard and instead went into a building to talk to other officers and sit in an office disobeying orders to protect the inmates; and (2) failed to respond to the attack until after Page had been hit twice. Giving the allegations the liberal construction to which they are entitled, a cognizable claim is stated against this defendant.

C/O Simmons, a SNY floor staff "mgr. officer," allegedly (1) failed to come to Page's aid when he was being attacked and instead "just stood on the upper yard behind the canteen fence and watched [Page] being attacked." Id. at 7. Giving the allegations the liberal

5

construction to which they are entitled, a cognizable claim is stated against this defendant.

CSC supervisory cook L. Noble allegedly (1) opened the security access door to the SNY yard and let gang member Johnson run out onto the SNY yard, where he attacked Page; and (2) hid behind a truck and did not push her alarm or seek help because she did not want to be involved or to have to write incident reports. Giving the allegations the liberal construction to which they are entitled, a cognizable claim is stated against this defendant.

B.  Miscellaneous Matters

The incident that gives rise to the claims in the amended complaint occurred on November 13, 2008. This was the third time plaintiff was attacked at Pelican Bay. As plaintiff notes, each incident is the subject of a "separate action," Amended Complaint, p. 3. Plaintiff has confused the situation by switching the subject of this action from one incident in the complaint to a different incident in the amended complaint, and by submitting evidence regarding the former incident at about the same time he filed his amended complaint. The court's analysis here focuses only on the November 13, 2008 incident in this action and so must plaintiff's filings from this point forward. In short, this case (No. 09-289 MHP) pertains to only the November 13, 2008 incident.

Plaintiff's request for a court order referring this action to mediation is DENIED. (Docket #19, #20.) The request is premature. Also, defendants have indicated a desire to make a dispositive motion before considering mediation. Plaintiff is free to send to defense counsel a settlement demand if he wants to resolve the case by settlement; it is not necessary to have a court order for settlement discussions.

Plaintiff's motion for judgment on the pleadings is DENIED. (Docket # 23.) The motion is premature, as a motion for judgment on the pleadings is allowed only after the pleadings have closed. See Fed. R. Civ. P. 12(c).

Plaintiff's "request for judge dissent of defendant K. Osborne and ruling date in this action" is DENIED as moot. (Docket # 25.) By this order, service of process is being

6

ordered on defendant Osborne as well as other defendants listed herein.

Defendants' motion for the court to screen the amended complaint is GRANTED. (Docket # 21.) This order does the requested screening.

# CONCLUSION

For the foregoing reasons,

1.  The amended complaint states cognizable § 1983 claims against defendants Jacquez, McGuyer, Osborne, Ramsey, Preston, Simmons, and Noble for a violation of plaintiff's Eighth Amendment rights. All other defendants and claims are dismissed.

2.  The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint and all orders in this action upon the following defendants, all of whom apparently work at Pelican Bay State Prison:

- warden F. Jacquez
- captain K. McGuyer
- lieutenant K. Osborne
- correctional officer T. Ramsey (SNY staff member)
- correctional officer Preston (SNY staff member)
- correctional officer Simmons (SNY staff member)
- CSC L. Noble (dining hall supervisory cook)

3.  In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

   a.  No later than **April 15, 2011**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

   b.  Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendant no later than **May 20, 2011**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56

7

of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

Plaintiff also should take note that defendants may file a motion to dismiss for failure to exhaust administrative remedies instead of or in addition to a motion for summary judgment. A motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, result in the dismissal of the action. The plaintiff must "develop a record" and present it in his opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

  c. If defendants wish to file a reply brief, they must file and serve the reply brief no later than **June 3, 2011**.

 4. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

 5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local

Rule 16-1 is required before the parties may conduct discovery.

6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

7. Any document plaintiff sends to the court for filing must be sent in an envelope addressed to the clerk, rather than addressed to the undersigned, so that the materials will reach the court file and be docketed.

8. Plaintiff's request for court-ordered mediation, motion for judgment on the pleadings and "request for judge dissent" are DENIED. (Docket #19, # 20, # 23, # 25.) Defendant's motion to screen the amended complaint is GRANTED. (Docket # 21.)

IT IS SO ORDERED.

Dated: January 12, 2011

_____
Marilyn Hall Patel
United States District Judge